NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MEDICAL ADVOCATES FOR HEALTHY AIR; LATINOS UNITED FOR CLEAN AIR; SIERRA CLUB; NATIONAL PARKS CONSERVATION ASSOCIATION; NATURAL RESOURCES DEFENSE COUNCIL, | No. 12-73386 MEMORANDUM[*] |
| Petitioners, | |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; LISA P. JACKSON, Administrator, U.S. EPA; JARED BLUMENFELD, Regional Administrator, Region IX, U.S. EPA, | |
| Respondents, | |
| SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT; SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT; NATIONAL ENVIRONMENTAL DEVELOPMENT ASSOCIATION'S CLEAN AIR PROJECT, | |
| Respondents-Intervenors. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted February 12, 2015
San Francisco, California

Before: SCHROEDER and SILVERMAN, Circuit Judges and GARBIS,[**] Senior District Judge.

This case arises out of the Environmental Protection Agency's ("EPA") 1997 decision to change the measurement standard for setting the national ambient air quality standard ("NAAQS") for the pollutant ozone. Prior to 1997, the EPA measured average pollutant concentrations hourly. In 1997, however, the EPA concluded that measuring average pollutant concentrations over an 8-hour span would better protect public health. The EPA also made the standard slightly more stringent, thus changing not only "the measuring stick [but also] the target." *South Coast Air Quality Mgmt. Dist. v. EPA* ("*South Coast*"), 472 F.3d 882, 892 (D.C. Cir. 2006).

Section 172(e) of the Clean Air Act ("CAA") provides that when a NAAQS is "relaxed," the EPA is authorized to approve controls that are "not less stringent" than controls previously in effect. The CAA does not address a change to the NAAQS that results in a strengthened standard.

---

[**] The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

2

This petition for review is a challenge by numerous environmental groups to the EPA's approval of a revision to California's State Implementation Plan ("SIP") that authorized the San Joaquin Valley Unified Air Pollution Control District ("Pollution Control District") to impose fees on mobile sources of pollution—primarily motor vehicles—as an alternative to the fees previously imposed on stationary sources of pollution pursuant to Section 185 of the CAA.

Respondent-Intervenors, including the Pollution Control District and industry groups, question petitioners' standing, arguing that because the alternative control is not only "not less stringent" than Section 185, but is in fact more stringent, the petitioners are not injured. The practical effect of the alternative control, however, is to shift costs from stationary sources to the multitude of vehicle owners, and this has an impact on the individuals petitioners represent that is sufficient to satisfy standing requirements. *See Natural Res. Def. Council v. EPA*, 643 F.3d 311, 319 (D.C. Cir. 2011) (recognizing that a plan that EPA might legitimately find equivalent to the Section 185 controls "could nonetheless be so meaningfully different as to cause cognizable Article III injury.").

The merits of the petitioners' challenge go to the same issues we addressed in *Natural Res. Def. Council v. EPA* ("*NRDC*"), 779 F.3d 1119 (9th Cir. 2015). We there held that the principles of Section 172(e) that address the relaxation of a

3

NAAQS should apply when a standard is strengthened. Therefore, so long as an alternative control is "not less stringent," the principles of Section 172(e) are satisfied. We followed the D.C. Circuit in *South Coast* in recognizing that Section 185 is a "control" to which Section 172(e) applies. 472 F.3d at 903. The petitioners do not contend that the alternative control proposed by the Pollution Control District is "less stringent" than Section 185 controls.

We held in *NRDC* that the EPA reasonably interpreted Section 172(e) to authorize the EPA to approve alternative controls not less stringent than the Section 185 fee program. 779 F.3d at 1128. We must reach the same result here. Because the EPA concluded that the Pollution Control District's revision to its portion of California's SIP is not less stringent than the Section 185 controls, the EPA was authorized to approve it.

The petition for review is **DENIED**.